HONORABLE DAVID G. ESTUDILLO

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| RYAN KUNZE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAN EARTH ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; BURLINGTON ENVIRONMENTAL, LLC, a Washington limited liability company,<br><br>Defendants. | Case No.: 3:26-cv-05403-DGE<br><br>**FIRST AMENDED COMPLAINT FOR UNPAID WAGES** |

Plaintiff Ryan Kunze ("Plaintiff"), by their undersigned counsel, for their First Amended Class Action Complaint, filed pursuant to FRCP 15(a) within 21 days after Defendants' Responsive Pleading filed in Clark County Superior Court on April 17, 2026, against Defendants Clean Earth Environmental Solutions, Inc. and Burlington Environmental, LLC ("Defendants"), alleges as follows:

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in wage and hour abuses against their Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendants' deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendants who have been victimized by Defendants' unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendants do business in the State of Washington and has operations in Clark County. Defendants are registered to conduct business in the State of Washington. Defendants have obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets. Federal jurisdiction is inappropriate under the diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the matter in controversy between Plaintiff and Defendants does not exceed the sum or value of $75,000, exclusive of interest and costs. Plaintiff disputes federal subject matter jurisdiction under the Class action Fairness Act and denies that this Court has federal subject matter jurisdiction over this case.

2.2 Venue. Venue is proper in this District Court because it was removed by Defendants from Clark County Superior Court. Venue was appropriate in Clark County because Defendants operate and transact business in Clark County. RCW 4.12.025(1), (3).

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff Ryan Kunze. Plaintiff Kunze is domiciled in in the state of Oregon. Defendants hired Plaintiff as a Washington-based, hourly-paid, non-exempt Environmental Technician in September 2022, through the end of his employment in May of 2023.

3.2 Defendant Clean Earth Environmental Solutions, Inc. Defendant Clean Earth Environmental Solutions, Inc. is a Delaware corporation with its principal place of business in King of Prussia, Pennsylvania.

3.3 Defendant Burlington Environmental, LLC. Defendant Burlington Environmental, LLC is a Washington limited liability company with its principal place of business in King of Prussia, Pennsylvania.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendants in the State of Washington at any time during the period from March 17, 2023 to final disposition of this action.

Excluded from the Class are any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. More than 40 people have worked as hourly-paid or non-exempt employees for Defendants in the State of Washington during the relevant time period. Based on Defendant's representations contained in its notice of removal, the putative class contains "at least 400" people.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendants have engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

j. Whether Defendants failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

k. Whether Defendants failed to furnish itemized pay statements to Plaintiff and the Class members;

l. Whether Defendants willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

m. Whether Defendants failed to provide complete copies of Plaintiff and the Class members' personnel files in response to lawful records requests;

n. Whether Defendants have violated RCW 49.12.020;

o. Whether Defendants have violated WAC 296-126-092;

p. Whether Defendants have violated RCW 49.46.130;

q. Whether Defendants have violated RCW 49.46.090;

r. Whether Defendants have violated RCW 49.46.210;

s. Whether Defendants have violated RCW 49.48.010;

t. Whether Defendants have violated WAC 296-126-025;

u. Whether Defendants have violated WAC 296-126-028;

v. Whether Defendants have violated WAC 296-128-620;

w. Whether Defendants have violated RCW 49.52.050;

x. Whether Defendants have violated RCW 49.12.250; and

y. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendants employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.1 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

6.2 Predominance. Defendants have engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

6.3 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendants' records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

7.1 Plaintiff Ryan Kunze experienced a variety of wage-and-hour violations while employed by Defendants, including but not limited to: non-compliant meal and rest breaks, off-the-clock work, unpaid or underpaid overtime, sick leave violations, and personnel file violations.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.1 *Meal Periods* - Defendants failed to provide compliant meal periods in a variety of ways. Plaintiff Kunze was routinely denied the opportunity to take meal breaks because he was too busy performing his job duties at Defendants' direction. On the occasions when Plaintiff Kunze attempted to take a lunch, it was frequently interrupted, late, or short. Further, Defendants did not attempt to ensure that Plaintiff Kunze received second or third meal periods when working more than five hours beyond his first meal period, worked ten or more hours in a shift, or worked three or more hours after his normally-scheduled shift end time.

9.1.1 *Missed First Meal Periods* - Plaintiff Kunze would routinely be required to work through entire shifts without the relief of any thirty-minute unpaid meal breaks. For example, and without limitation, Defendants' own time records show that Plaintiff Kunze did not take any meal period on Wednesday, April 5, 2023. This is so, even though Defendants' time records show him working from 8:12 am through 5:58 pm (9 hours and 46 minutes) without a lunch period. He would have been entitled to at least one thirty-minute lunch period, which he did not receive, nor did he receive a lunch period premium payment to compensate him for having missed this lunch period.

9.1.2 *Late First Meal Periods* - Plaintiff Kunze would routinely be required to take his first meal period late due to Defendants' scheduling practices and due to emergent business needs. For example, and without limitation, Defendants' time records from Friday, May 12, 2023, show that Plaintiff Kunze clocked in at 8:11 am, and did not clock out for an ostensible first meal period until 1:26 pm (5 hours and 15 minutes later). This would constitute a lunch that commenced fifteen minutes late.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.1.3 *Short or Interrupted Meal Periods* - Plaintiff Kunze would routinely be required to work during his first meal period (which was often late already) due to Defendants' scheduling practices and emergent business needs. For example, and without limitation, Defendants' time records from Friday, May 12, 2023 show that Plaintiff Kunze clocked out for his ostensible first meal period at 1:26 pm, and clocked back in at 1:55 pm (29 minutes later, which is 1 minute short, on top of it having commenced 15 minutes late, as described in the paragraph above).

9.1.4 *No Additional Meal Periods* - Plaintiff Kunze would routinely be required to work greater than 10 hours in a single shift, but would not receive any more than one meal period (if that), during the scheduled work time. For example, and without limitation, Defendants' time records for Thursday, May 4, 2023, show that he clocked in at 7:53 am, out for an ostensible first meal at 12:25 pm (4 hours and 32 minutes), back in from lunch at 1:17 pm (52 minutes), and out for the day at 6:56 pm (5 hours and 39 minutes). In total, Defendants' time records show Plaintiff Kunze worked 10 hours and 11 minutes that day (10.18), though he ostensibly only received one meal period, and he did not receive any second meal period though he worked greater than five hours after the conclusion of his first meal period. Furthermore, Plaintiff Kunze would at least on occasion be required to work for more than three hours after his normally-scheduled shift end. For example, Plaintiff Kunze worked from 7:34 am until 9:12 pm on Wednesday April 26, 2023 (a total of 12 hours and 52 minutes), but neither received a second meal period after his first, nor received a "special" meal period despite working greater than 3 hours after his normally-scheduled shift end time.

9.2 Rest Periods - Defendants did not provide compliant rest periods. For example, and without limitation, Plaintiff recalls that on April 26, 2023, he missed at least one rest period due to being too busy to take ten minutes of rest break time. Defendants did not schedule rest periods, nor did they affirmatively attempt to ensure that rest breaks occurred.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.3 *Off-the-Clock Work* - Defendants permitted Plaintiff Kunze to work off the clock. Because Defendant did not permit Plaintiff Kunze and his class members to exchange information about the prior shift on the clock, Plaintiff Kunze would discuss relevant work-related information with other co-workers who had just clocked out before Plaintiff Kunze clocked in. These informal meetings were critical for Plaintiff and his co-workers to exchange relevant work-related information prior to Plaintiff Kunze beginning his shift. This shift change off-the-clock information exchange would occur approximately once per week. Plaintiff recalls that one such exchange occurred on Friday, March 24, 2023.

9.4 *Unpaid Overtime* - Due to Defendants' failure to record all hours of compensable work on behalf of Plaintiff Kunze, Plaintiff Kunze was also necessarily underpaid overtime. For example, and without limitation, the off-the-clock compensable work that Plaintiff Kunze performed during the exemplar week cited above, he was necessarily paid less overtime than he was owed. To be specific, Defendants recorded that he worked 46 hours and 6 minutes, but due to the uncompensated and unrecorded minutes of work, Defendants did not pay Plaintiff Kunze for all hours of overtime he was owed during the workweek of Monday March 20 through Saturday March 25, 2023. Furthermore, Defendants only ever paid Plaintiff Kunze overtime at 1.5 times his *base* rate of pay, without ever including additional payments in their calculation of his *regular* rate of pay. Accordingly, Defendants also underpaid overtime due to its failure to accurately calculate the regular rate of pay.

9.5 *Sick Leave Violations* - Defendants' sick leave program failed to meet the minimum requirements of Washington law.

9.5.1 *Under-Accrual of Leave* - Due to Defendants' consistent and predictable failure to accurately record all of Plaintiff Kunze's hours of work in its timekeeping and payroll systems as a result of the issues described above, Defendants under-accrued sick leave for its employees, including Plaintiff Kunze.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.5.2 *Restrictions on Use* - Defendants only permitted Plaintiff Kunze to use sick leave in single-hour increments, though Defendants' timekeeping system recorded compensable work time in hundredth-hour increments.

9.5.3 *Normal Rate* - Akin to the regular rate overtime issues, Defendants also failed to factor additional compensation paid to Plaintiff Kunze into his normal rate of pay calculation for purposes of when it paid him sick leave, which it only ever paid to him at his *base* rate of pay, not his normal rate.

9.6 *Personnel File Violations* - In addition to the various wage-and-hour violations perpetrated by Defendants, Defendants also failed to timely provide the entirety of Plaintiff Kunze's personnel file in response to his statutory records request under RCW 49.12.240. Defendants received a compliant request from Plaintiff Kunze under this section on March 23, 2026. Defendants did not provide records in response until April 23, 2026 (31 days later). This is later than the minimum time required under RCW 49.12.250, 261. Furthermore, the records were incomplete. For example, the production did not include any disciplinary records, performance evaluations, or all of the employment agreements to which Plaintiff Kunze was potentially subject (e.g., no collective bargaining agreement, though there is a CBA acknowledgement form).

## VI. SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

11.1 The foregoing allegations describe Plaintiff's own experience working for Defendants, which he re-alleges and incorporates herein. But Plaintiff's experience was not unique. Rather, it was the predictable result of Defendants' standardized, company-wide payroll, timekeeping, and compensation practices, which applied uniformly to Plaintiff and other similarly situated employees. The following allegations concern Defendants' common policies and practices that affected the Class as a whole.

11.2 Failure to provide rest breaks. Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

11.3 Defendants have engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

11.4 Defendants have engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

11.5 Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

11.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendants receive the benefit of ten minutes worked without paying for the time worked.

11.7 As a result of Defendants' common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendants failed to maintain accurate records of hours worked by Plaintiff and the Class members.

11.8 Defendants had actual or constructive knowledge of the facts set forth above.

11.9 <u>Failure to provide meal breaks.</u> Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

11.10 Defendants have engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

11.11 Defendants have engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

11.12 Defendants have engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

11.13 Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

11.14 Defendants had actual or constructive knowledge of the facts set forth above.

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

11.15 Failure to pay minimum wages for all hours worked. Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

11.16 Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

11.17 Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

11.18 Defendants had actual or constructive knowledge of the facts set forth above.

11.19 Failure to pay all overtime wages due. Defendants have engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

11.20 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

11.21 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

11.22 Defendants had actual or constructive knowledge of the facts set forth above.

11.23 Failure to accrue and allow use of paid sick leave. Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

11.24 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

11.25 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

11.26 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

11.27 Defendants had actual or constructive knowledge of the facts set forth above.

11.28 <u>Failure to pay all wages due at termination.</u> Defendants have engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

11.29 Defendants had actual or constructive knowledge of the facts set forth above.

11.30 <u>Failure to maintain accurate payroll records.</u> Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

11.31 Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

11.32 Defendants had actual or constructive knowledge of the facts set forth above.

11.33 <u>Failure to Provide Personnel File Records</u>. Defendants have engaged in a common course of failing to provide complete personnel file records in response to lawful personnel file requests from Plaintiff and the Class members.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

12.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

12.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

12.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

12.6 Under Washington law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

12.7 Under Washington law, Defendants have an obligation to ensure that employees receive the rest breaks to which they are entitled.

12.8 Under Washington law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

12.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.

12.10 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

13.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

13.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

13.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

13.6 Under Washington law, Defendants have an obligation to provide employees with the meal breaks to which they are entitled.

13.7 Under Washington law, Defendants have an obligation to ensure that employees receive the meal breaks to which they are entitled.

13.8 Under Washington law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

13.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, and WAC 296-126-092.

13.10 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## IX. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

14.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

14.3 By the actions alleged above, Defendants have violated the provision of RCW 49.46.130.

14.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

15.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

15.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

15.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.090.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

15.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

**XI. FIFTH CLAIM FOR RELIEF**

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

16.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

16.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

16.3 Pursuant to RCW 49.46.200, Defendants must compensate Plaintiff and the Class members at their regular and normal wages.

16.4 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.210 and WAC 296-128-620.

16.5 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

**XII. SIXTH CLAIM FOR RELIEF**

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

18.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

18.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

18.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010.

18.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

19.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

19.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

19.3 Defendants' violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

19.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

19.5 As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV. EIGHTH CLAIM FOR RELIEF

## (Violation of RCW 49.12.250 – Failure to Provide Personnel Files)

20.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

20.2 RCW 49.12.250(1)(a) provides that an "[…] employer shall provide a copy of personnel file(s) within 21 calendar days after the employee, former employee, or their designee requests the file(s) at no cost to the employee, former employee, or their designee."

20.3 RCW 49.12.240(2) defines "personnel file" to include (a) All job application records; (b) All performance evaluations; (c) All nonactive or closed disciplinary records; (d) All leave and reasonable accommodation records; (e) All payroll records; and (f) All employment agreements."

20.4 RCW 49.12.261(1)(a) permits former employees to bring a private cause of action for violations of RCW 49.12.250(1) and specifies that the employee "[…] will be entitled to equitable relief, statutory damages, and reasonable attorneys' fees and costs."

20.5 As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been denied access to their personnel files, and Plaintiff and the Class members are entitled to recovery of equitable relief (i.e., complete production of the files), statutory damages of between $250 and $1,000 per violation, as well as attorneys' fees and costs under RCW 49.12.261.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendants, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Grant such equitable relief as may be appropriate;

F. Award Plaintiff and the Class members compensatory, statutory, and exemplary damages;

G. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

H. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

I. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 7th day of May, 2026.

**JUSTICE LAW CORPORATION**

By: *<u>/s/ Douglas Han</u>*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*<u>/s/ Shunt Tatavos-Gharajeh</u>*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*<u>/s/ Dean Petitta</u>*
Dean Petitta, WSBA #58295
dpetitta@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On May 7, 2026, I transmitted a true copy of:

**FIRST AMENDED COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Daniel Rhim
drhim@littler.com
**Legal Staff:**
Karen Fiumano
KFiumano@littler.com
Liana Natividad
Lnatividad@littler.com
Paula Kindt
PKindt@littler.com
Colette Pringle-Saunders
cpsaunders@littler.com
Kristen Miller
krmiller@littler.com
**LITTLER MENDELSON, P.C.**
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101

**[X] By Electronic Mail**
**[X] By ECF**

John Lassetter *(pro hac vice)*
JLassetter@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street, Suite 1300
Minneapolis, Minnesota 55402-2136

*Attorneys* for Defendants Clean Earth Environmental Solutions, Inc. et al

Executed on May 7, 2026, at Pasadena, California.

*/s/ Christina Castro*
Christina Castro



JUSTICE LAW CORPORATION,
751 N. Fair Oaks Ave., Ste. 101,
Pasadena, California, 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com